Entered: February 04, 2016
Signed: February 03, 2016
SO ORDERED
UPON CONSIDERATION OF DEFENDANT'S FAILURE TO SHOW CAUSE
WHY SUMMARY JUDGMENT SHOULD NOT BE ENTERED.

Case 13-00499    Doc 79    Filed 02/04/16    Page 1 of 3



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(**Greenbelt Division**)

| | | |
|---|---|---|
| IN RE: | * | |
| LYNETTE TAWANA NICHOLS | * | Case No. 13-10050 PM |
| | | Chapter 7 |
| Debtor. | * | |
| | * | |
| CHERYL E. ROSE, TRUSTEE | * | |
| Plaintiff | * | |
| v. | | Adversary No. 13-00499 PM |
| | * | |
| GOD'S UNIVERSAL KINGDOM CHRISTIAN CHURCH, INC. | * | |
| Defendant | * | |

### ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AGAINST GOD'S UNIVERSAL KINGDOM CHRISTIAN CHURCH, INC.

UPON CONSIDERATION of the Trustee's Motion for Summary Judgment and Memorandum in Support of the Motion for Summary Judgment ("Memorandum"), the case law cited in the Memorandum, any oppositions thereto, the Statement of Facts filed by the Debtor and good cause having been shown therefor, it is hereby:

ORDERED, the Court hereby grants the Trustee's Motion for Summary Judgment; and it is further

ORDERED, that a judgment be and hereby is entered against the Defendant, God's Universal Kingdom Christian Church, Inc. and in favor of the Trustee, Cheryl E. Rose, in the amount of Fifty-Seven Thousand One Hundred Forty and 50/100 Dollars ($57,140.50), representing 85% of the amount of the 2011 Contribution to the Defendant which is recoverable by the Debtor's Bankruptcy Estate pursuant to 11 U.S.C. §§ 548(a)(1)(B), 548(a)(2) and 550 and, in the alternative, such amount is recoverable under 11 U.S.C. §§ 544 and 550 and Md. Code Ann., Commercial Law Art. §§ 15-202, 15-203 and 15-204; and it is further

ORDERED, that a judgment be and hereby is entered against the Defendant, God's Universal Kingdom Christian Church, Inc. and in favor of the Trustee, Cheryl E. Rose, in the amount of Thirty- One Thousand One Hundred Thirty Eight and 00/100 Dollars ($31,138.00), representing the amount of the 2010 Contribution to the Defendant which is recoverable by the Debtor's Bankruptcy Estate pursuant to 11 U.S.C. §§ 544 and 550 and Md. Code Ann., Commercial Law Art. §§ 15-202, 15-203 and 15-204; and it is further

ORDERED, that the Court has not ruled upon the avoidability of the 2011 Contribution and the 2010 Contribution under 11 U.S.C. §§ 548(a)(1)(A) and state law as an intent to hinder, delay or defraud creditors as such findings are not necessary in light of the foregoing unless the Trustee desires to purse such findings at a trial where the Defendant would be given the opportunity to determine the intent of the Debtor; and it is further

ORDERED, that the Trustee be and hereby is authorized to record this judgment as a lien in the Office of the Land Records against any real or personal property owned by the Defendant.

Cc:

James M. Hoffman, Esq.
Gregory P. Johnson, Esq.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814

Seth W. Diamond, Esquire
The Diamond Law Group, LLC
8613 Cedar Street, Second Floor
Silver Spring, MD 20910
seth@thediamondlawgroup.com

Cheryl E. Rose, Esquire
12154 Darnestown Road, Box 623
Gaithersburg, MD 20878
Chapter 7 Trustee

Office of the US Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

**END OF ORDER**

4830-3502-0833, v. 1